**Wilmer ROOKS, Appellant,**

v.

**NORTH DAKOTA WORKERS'
COMPENSATION BUREAU,
Appellee.**

**Civ. No. 930006.**

Supreme Court of North Dakota.

Sept. 29, 1993.

Keith A. Wolberg (argued), Bismarck, for appellant.

Ken R. Sorenson (argued), Asst. Atty. Gen., North Dakota Workers' Compensation Bureau, Bismarck, for appellee.

MESCHKE, Justice.

Wilmer Rooks appeals from a district court judgment affirming an order by the Workers' Compensation Bureau that denied partial disability benefits to Rooks. Applying the preponderance-of-the-evidence standard, as we do under NDCC 28–32–19(5) and 28–32–21, we affirm the decision of the Bureau.

Wilmer Rooks drove a truck for Hidatco, Inc. Rooks was injured on September 9, 1987, when he disconnected a hose from one tank to connect it to another. Hot oil in the hose splashed onto Rook's arms, causing severe burns that required skin grafts. The Bureau accepted liability and paid temporary full disability benefits to Rooks until Dr. Peltier released him for unrestricted full employment in March 1988.

Rooks then resumed driving a truck, first for B.J. Titan and later for Meyer Construction. After the construction season ended, Rooks found work indoors at a grocery store and a service station. He continued working at the service station until October 1989, when he began his current job at Budget Batteries. These inside jobs were lower paying jobs than truck driving.

After he was laid off by Meyer Construction in September of 1988, Rooks complained to Dr. Gruver that his hands were overly sensitive to cold, even when he wore Thinsulate gloves. In November 1988, the Bureau referred the case to Professional Rehabilitation Management, Inc. (PRM) for an evalua-

tion of Rooks' job skills. PRM closed the rehabilitation file in January 1989, at the Bureau's request, because Rooks' sensitivity did not affect his performance of his current job at a service station. Rooks complained again of sensitivity in December 1989 to Dr. Juhala. In January 1990, fifteen months after originally complaining to Dr. Gruver, Rooks finally made claim to the Bureau for partial disability benefits resulting from his decreased earnings attributable to the lingering sensitivity of his arms and hands to cold temperatures. The Bureau denied these benefits, and the district court upheld that decision.

Rooks asserts that the Bureau based its findings of fact on either insufficient reasoning or incomplete use of evidence. More specifically, he argues that the Bureau failed to explain why it discounted medical testimony favorable to his claim. We disagree. We determine that the Bureau's decision is supported by the record, including the non-conflicting medical testimony that Rooks could have returned to his pre-injury occupation.

■ The question before us is narrower than the one decided by the Bureau and the district court. During the proceedings below and in his brief to this court, Rooks sought permanent partial disability payments. However, at oral argument Rooks withdrew his claim for permanent benefits and now seeks only temporary partial disability benefits from March 1988 to July 1990. The duration of Rooks' alleged, partial disability extends from when Dr. Peltier released Rooks for full employment after his injury until Dr. Juhala concluded that Rooks was able to return to his pre-injury occupation.

■ "In an appeal to this court from a district court judgment reviewing a decision of an administrative agency, we review the record before the administrative agency and its decision rather than the decision of the district court." *Pleinis v. North Dakota Workers Compensation Bureau,* 472 N.W.2d 459, 462 (N.D.1991). As we said in *Wherry v. North Dakota State Hospital,* 498 N.W.2d 136, 139 (N.D.1993), we employ a four-step analysis in reviewing the Bureau's decision: "[w]e must affirm the Bureau's decision unless its findings of fact are not supported by

a preponderance of the evidence, its conclusions of law are not sustained by its findings of fact, its decision is not supported by its conclusions of law, or its decision is not in accordance with the law."

■ In deciding whether a preponderance of the evidence supports the Bureau's findings of fact, we will not make independent findings of fact or substitute our judgment for that of the Bureau. *Wherry,* 498 N.W.2d at 139. We will determine only whether the Bureau's findings of fact adequately explain its decision and are reasonably supported by the greater weight of all the evidence.

■ Rooks "has the burden of proving by a preponderance of the evidence" that he is eligible for temporary partial disability benefits. NDCC 65–01–11. Rooks must prove three elements of partial disability to be entitled to benefits: " 'First, there should be a physical disability; second, the disability should be partial, or in other words, the employee should be able to work subject to the disability; and third, *there should be an actual loss of earning capacity that is causally related to the disability.* ' " *Wendt v. North Dakota Workers Compensation Bureau,* 467 N.W.2d 720, 726–27 (N.D.1991) (citations omitted) (emphasis added). These elements have been codified in NDCC 65–05–10(1). The Bureau concluded that Rooks did not prove the third element of this test, and we agree.

To receive benefits, Rooks had to prove that he was unable to drive a truck from March 1988 to July 1990, even with protective thermal equipment. Whether Rooks was able to drive a truck is a question of fact. *Risch v. North Dakota Workers Compensation Bureau,* 447 N.W.2d 308, 309 (N.D. 1989). To carry his burden, Rooks had to prove that the greater weight of the evidence indicated he could not return to his pre-injury employment. The Bureau expressly found otherwise:

The greater weight of the evidence indicates the claimant is able to continue employment despite sensitivity to heat and cold weather.

The greater weight of the evidence indicates the claimant is not disabled from substantial gainful employment due to his work injury and that he still has his pre-injury earning capacity.

From these findings, the Bureau concluded that Rooks was not entitled to partial disability benefits. These findings of fact are supported by a preponderance of the evidence, and the findings sustain the Bureau's conclusion.

Despite Rooks' arguments, the Bureau found that the medical testimony shows that Rooks could have returned to work as a truck driver. Rooks asserts that Dr. Peltier's letter in September 1988 conflicts with the Bureau's conclusion. However, that letter conditions a new line of work for Rooks on the inadequacy of other protective measures, something Rooks did not adequately attempt to use while driving for B.J. Titan or Meyer Construction. Kathy Brooks, an occupational therapist with St. Alexius Medical Center, testified that Rooks could return to work with proper thermal protection. In 1990, Dr. Juhala agreed that Rooks could return to work with special protective equipment if he wanted to, but Rooks informed Dr. Juhala that he no longer wanted to return to truck driving.

Rooks did not ask the Bureau to furnish the recommended thermal equipment after he complained to Dr. Gruver in 1988. It is possible that, had Rooks asked for this equipment and worn it during his employment as a truck driver, he might have been unable to continue his pre-injury work, and partial disability benefits would then have been appropriate. However, the medical testimony does not support this speculation. As we said in *Inglis v. North Dakota Workmen's Compensation Bureau,* 312 N.W.2d 318, 322 (N.D. 1981), benefits cannot be based on speculative evidence.

No one disputes that Rooks remains physically impaired by his sensitivity from his burns. However, physical impairment alone does not justify partial disability benefits. Rooks had to show that his injury prevented him from continuing his employment as a truck driver. Nowhere in the record is there any medical evidence that Rooks could not have returned to work in 1988 with the proper thermal equipment. Absent such evidence, the Bureau reasonably concluded that the greater weight of the evidence indicates that Rooks has not suffered a loss of earning capacity.

We conclude that the Bureau reasonably reached its factual determinations by the greater weight of all the evidence. Because the findings are supported by a preponderance of the evidence and sustain the Bureau's decision, we affirm the Bureau's denial of temporary partial disability benefits.

VANDE WALLE, C.J., and LEVINE, NEUMANN and SANDSTROM, JJ.